No. 22-1280

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

COALITION FOR TJ,

*Plaintiff-Appellee,*

vs.

FAIRFAX COUNTY SCHOOL BOARD,

*Defendant-Appellant.*

On Appeal From The United States District Court for the Eastern District of Virginia, Case No. 1:21-cv-00296-CMH
The Hon. Claude M. Hilton

**APPELLANT'S UNOPPOSED MOTION TO EXPEDITE BRIEFING**

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500

Trevor S. Cox (VSB No. 78396)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-7221

Donald B. Verrilli, Jr.
Ginger D. Anders
Xiaonan April Hu
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW,
Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100

Mica L. Moore
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Fairfax County School Board*

Pursuant to Federal Rule of Appellate Procedure 2 and Fourth Circuit Local Rule 12(c), the Fairfax County School Board (Board) respectfully moves to expedite the briefing schedule and argument in this appeal. This case concerns the constitutionality of the Board's admissions policy (the Plan) for Thomas Jefferson High School for Science and Technology (TJ), which the Board adopted in fall 2020, and which used race-neutral criteria to promote geographic, socioeconomic, and racial diversity. On February 25, 2022, the district court enjoined the Board from using the Plan on the ground that the Plan violated the Fourteenth Amendment because the Board's enactment of the Plan to improve access for historically underrepresented groups necessarily reflects an invidious purpose to discriminate against Asian Americans.

Because the injunction forces the Board to develop an entirely new admissions policy midway through the admissions process for the upcoming academic year, thereby causing irreparable harm to the Board and prospective students, the Board has requested a stay of the injunction. Regardless of whether this Court enters a stay, however, good cause exists to expedite the appeal, so that this Court may provide much-needed certainty regarding the validity of the Plan before the *next* TJ admissions cycle begins in fall 2022.

To that end, the Board proposes the following briefing schedule:

        Appendix Due:        May 6, 2022

| | |
|---|---|
| Opening Brief Due: | May 6, 2022 |
| Answering Brief Due: | June 13, 2022 |
| Reply Brief Due: | June 27, 2022 |

Because this appeal involves matters of significant public importance, the Board submits that this case would benefit from oral argument. The Board respectfully requests that the Court schedule oral argument at its earliest convenience, but in all events no later than September 2022.

In accordance with Local Rule 27(a), the Board has contacted counsel for the Coalition for TJ. Counsel has informed the Board that the Coalition does not oppose the Board's request to expedite or the proposed briefing schedule.

## BACKGROUND AND PROCEDURAL HISTORY

This case concerns the admissions policy for TJ, a regional public high school that provides advanced studies and requires students to apply for admission. A-030.[1] In December 2020, the Board adopted a new admissions policy to remove historical barriers to access and expand TJ's representation to include students from every part of the County and neighboring jurisdictions. A-100. Among other changes, the Plan guaranteed participating public middle schools seats equivalent to 1.5% of the school's eighth-grade class, eliminated the three standardized tests

---

[1] For ease of reference, all appendix citations are to the appendix submitted by the Board in support of its Motion for a Stay Pending Appeal.

used under the prior admissions process in favor of a holistic review, raised the minimum GPA requirement from 3.0 to 3.5, and gave applicants additional points for four "Experience Factors": (a) eligibility for free and reduced price meals; (b) status as an English language learner; (c) status as a special education student; and (d) attendance at a middle school deemed historically underrepresented at TJ. A-100–101. The Plan is race blind, with each applicant identified only by an applicant number. A-101.

In 2021, applicants for the Class of 2025 were selected using the Plan. For the first time in at least fifteen years, students from all twenty-six Fairfax County middle schools received admission. The class had far higher proportions of students eligible for free meals, English language learners, and women than preceding classes. Demographically, only Asian-American and Latino students were more represented in the admitted-students population than in the applicant pool; other racial groups had smaller proportions of admitted students than applicants. A-128. The average GPA of admitted students—3.9539—was virtually the same as in the prior year. A-128.

In March 2021, the Coalition for TJ (Coalition) sued the Board, alleging that the Plan violated the Equal Protection Clause. The Coalition argued that the race-neutral plan was "intended to reduce the percentage of Asian-American students

3

who enroll in TJ, with the ultimate goal of racially balancing the school according to the racial demographics of Fairfax County." A-001.

The Coalition moved for a preliminary injunction in April 2021 and again in August 2021. *See* ECF Nos. 15, 58. The district court denied both injunctions, recognizing in its first decision that the Board and the public's valid "interest in seeing that their schools operate in an orderly fashion." A-073–74.

After holding a hearing on the parties' cross motions for summary judgment, the district court granted summary judgment to the Coalition. A-240. The court concluded in its opinion that strict scrutiny applied to the Plan. A-236. It reasoned that the Plan had a disparate impact on Asian Americans because the number and proportion of Asian-American offers had decreased under the Plan compared to prior years. A-222. It further concluded that the Board harbored invidious discriminatory intent towards Asian Americans, because the Board's "policy was designed to increase Black and Hispanic enrollment, which would, by necessity, decrease the representations of Asian Americans at TJ." A-235–236. The court enjoined the Board from any "further use or enforcement" of the Plan. A-240.

The injunction requires the Board to halt the 2022 admissions process—which is well underway, with 2,540 applicants having completed the process—and design a new policy from scratch. Complying with the injunction will throw the ongoing admissions process into chaos, inflicting severe harm on the thousands of

4

children and families who are currently expecting admissions decisions next month and causing irreparable damage to the Board and TJ. To avoid that irreparable harm, the Board moved for a stay of the district court's judgment, which the court denied on March 11, 2022. A-292.

On March 14, 2022, the Board filed a notice of appeal. On March 18, the Board moved in this Court for a stay pending appeal. That motion remains pending.

## ARGUMENT

The Board respectfully requests that the Court expedite briefing and argument in this appeal to provide certainty that a valid TJ admissions policy is in place before the next admissions cycle begins in fall 2022. This Court has granted expedition in cases where the issues are "time-sensitive." *Wood v. Quinn*, 230 F.3d 1356 (4th Cir. 2000) (unpublished); *Gilchrist v. Gen. Elec. Cap. Corp.*, 262 F.3d 295, 299 (4th Cir. 2001); Fed. R. App. P. 2 ("A court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs.").

This case presents time-sensitive issues of great public importance. The Court's decision will determine the constitutionality of the Plan—the admissions policy that the Board has used for this year's admissions cycle and intends to use going forward. Over 2,500 students applied for admission to TJ this year, and the

Board expects a similar number of applicants next year. This Court's decision concerning the Plan's validity will therefore affect not only the Board and TJ, but also thousands of students and their families. To ensure an orderly admissions process for the class that will enter TJ in August 2023, the Board must commence the process in fall 2022.[2]

In the Board's view, the Plan is unquestionably constitutional: as a race-blind admissions policy adopted to promote all types of diversity, the Plan is exactly the sort of race-neutral measure that has been repeatedly endorsed by the Supreme Court and uniformly upheld by numerous federal courts of appeals. *See, e.g.*, *Texas Department of Housing & Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 545 (2015); *Grutter v. Bollinger*, 539 U.S. 306, 340 (2003); *Boston Parent Coalition for Academic Excellence Corp. v. Sch. Committee of City of Boston*, 996 F.3d 37, 46 (1st Cir. 2021). Even assuming, however, that this Court upholds the Plan's constitutionality (and even if this Court grants a stay that permits the Board to employ the Plan while the appeal is pending), the district court's decision invalidating the Plan and enjoining its use has cast a cloud over

---

[2] For the entering class of 2022, the Board began the admissions cycle in October 2021 to permit admissions decisions to be made by the end of April 2022. For the admission cycle for the entering class of 2021—the first cycle after the Plan's adoption—the process began soon after the Plan's enactment and took approximately four months to complete, from the date that the application window closed (in February) until admission decisions were announced (in June). A-245.

6

the Plan's validity. That cloud must be lifted well before next year's admissions process begins, in order to ensure public confidence in the legality and fairness of TJ's admissions process, to enable the Board to conduct necessary public outreach, and to ensure that future students in Fairfax County and other participating jurisdictions are not dissuaded from applying for admission to TJ while the constitutionality of the Plan is still in dispute.

Conversely, if the Court's decision were to invalidate the Plan, any necessary changes to the admissions policy would take time to develop and implement. The process of developing the current Plan took several months, during which time the Board and County staff considered multiple different proposals, conducted work sessions, held public meetings, and invited public debate. Any changes to the admissions policy therefore would need to be developed in fall 2022 at the latest. In that respect, guidance from this Court would be critically necessary: although the district court enjoined the Plan in its entirety, it did not explain what alternative policies might be constitutionally adequate. Indeed, the district court's reasoning—especially its conclusion that Plan had a disparate impact on Asian-American students solely because the number of Asian-American admittees under the Plan was lower than in previous years—is so unbounded that the Board faces continuing uncertainty about what policies *would* comply with the Equal Protection Clause in the district court's

7

view.[3]  To the extent the Court believes that changes to the Plan are necessary, therefore, it is imperative that the Court provide guidance in time for the Board to implement it in an orderly manner.

Absent expedition, oral argument likely will not be held on the Board's appeal until late in the year, and a decision would not issue until 2023.  That timing would subject the Board, TJ, and thousands of students and their families to uncertainty that would continue well into next year's admissions process, causing the significant harms described above.  Without expedition, a decision would almost certainly issue after the admissions process has begun, and if that decision were to require changes to the Plan, it would upend the admissions process midstream.  Good cause therefore exists to expedite the appeal to foster certainty and an orderly admissions process for the thousands of students who wish to apply to TJ.

Finally, the expedited briefing schedule will not unduly burden either the Coalition or this Court.  The appeal presents a discrete legal issue that the parties have already briefed before the district court, for which the evidentiary record is

---

[3] As the Board explained in its stay motion, reverting to the admissions policy predating the Plan's adoption is no longer possible.  Before 2020, admission was determined in part on applicants' performance on three standardized tests: the ACT Aspire Reading, the ACT Aspire Science, and the Quant-Q.  The two ACT tests are no longer commercially available, and the vendor has not provided comparable substitutes.  A-246–47.

complete. The proposed briefing schedule also provides the Coalition with more than the full time provided in Federal Rule of Appellate Procedure 31(a)(1) for filing its brief, and the Coalition does not oppose the request for expedition or the proposed briefing schedule.

## CONCLUSION

For the foregoing reasons, the Board respectfully requests that this Court adopt the proposed expedited briefing schedule and schedule oral argument at its earliest convenience, but in all events no later than September 2022.

DATED: March 28, 2022      MUNGER, TOLLES & OLSON LLP

By:     /s/ Donald B. Verrilli, Jr.

Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500

Trevor S. Cox (VSB No. 78396)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-7221

Donald B. Verrilli, Jr.
Ginger D. Anders
Xiaonan April Hu
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100

Mica L. Moore
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Circuit Rule 32-1, I certify that the attached motion is proportionally spaced, has a typeface of 14 points and contains 1958 words.

DATED: March 28, 2022     MUNGER, TOLLES & OLSON LLP


By:   /s/ Donald B. Verrilli, Jr.
      Donald B. Verrilli, Jr.
      *Counsel for Fairfax County School Board*

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which sent notification of such filing to all registered CM/ECF users.

DATED: March 28, 2022      MUNGER, TOLLES & OLSON LLP

By:     /s/ Donald B. Verrilli, Jr.
        Donald B. Verrilli, Jr.