No. 22-1280

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

COALITION FOR TJ,

*Plaintiff – Appellee*,

v.

FAIRFAX COUNTY SCHOOL BOARD,

*Defendant – Appellant.*

On Appeal from the United States District Court
for the Eastern District of Virginia, Case No. 1:21-cv-00296-CMH
The Hon. Claude M. Hilton, District Judge

**Commonwealth of Virginia's Unopposed Motion for Leave
to File Brief as Amicus Curiae in Support of Appellee's Response
to Appellant's Motion to Stay Pending Appeal**

Pursuant to Federal Rule of Appellate Procedure 29, the Commonwealth of Virginia respectfully requests leave to file an amicus brief in support of Appellee's Response to Appellant's Motion to Stay

1

Pending Appeal.[1] Counsel for Appellant and Appellee do not oppose this request.

This appeal involves a new admissions policy for the Thomas Jefferson High School for Science and Technology which Appellee challenged as a violation of the Fourteenth Amendment's Equal Protection Clause. After a hearing on the parties' cross-motions for summary judgment, the district court issued a memorandum opinion granting Appellee's motion and enjoining Appellant from further use or enforcement of the challenged admissions procedure. *Coalition of TJ v. Fairfax Cnty. Sch. Bd.*, 2022 WL 579809 (E.D. Va. Feb. 25, 2022). Appellant noticed its appeal from that decision on March 15, 2022. (ECF No. 1.) Three days later, on March 18, 2022, Appellant moved for a stay of the district court's judgment and order enjoining it from carrying out the challenged admissions plan. (ECF No. 8.)

---

[1] Although the Commonwealth of Virginia "may file an amicus brief without the consent of the parties or leave of court" during initial consideration of a case on the merits, Fed. R. App. P. 29(a)(2), out of an abundance of caution—and after discussions with the case manager—the Commonwealth files this motion given the preliminary stage of the appeal.

The Commonwealth of Virginia has a direct interest in the outcome of Appellant's Motion to Stay Pending Appeal. Virginia has a significant interest in protecting its citizens' right to their "equal protection of the laws" and ensuring that local entities comply with the United States Constitution. U.S. Const. Amend. XIV, § 1. It also has a strong "interest . . . in the proper functioning of its public school system for the benefit of all pupils and the public generally." *Goss v. Lopez*, 419 U.S. 565, 591 (1975) (Powell, J., dissenting) (describing "[t]he State's generalized interest in maintaining an orderly school system"). Appellant requests a stay so that it can use an admissions policy which the district court found intentionally imposes disproportionate discriminatory harm on Asian Americans. See, *e.g.*, *Coalition for TJ*, 2022 WL 579809, at *6 ("Asian-American students are disproportionately harmed . . . [and] disproportionately deprived of a level playing field in competing for . . . seats [under the new policy]."); *id.* at *9 (explaining that Appellant's "emails and text messages . . . leave no material dispute that, at least in part, the purpose of the . . . admissions overhaul was to change the racial makeup to TJ to the detriment of Asian-Americans"). The stay would thus harm Virginia's interests.

An amicus brief is desirable because Virginia is well positioned to provide a uniquely relevant and helpful perspective to the Court. One of the four factors that Appellant must show in order to warrant a stay is that the requested stay is in the public interest. See *Nken v. Holder*, 556 U.S. 418, 434 (2009). As the authority to which "public education in [Virginia] is committed," *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968), the Commonwealth can speak on behalf of its citizens regarding the public's interest in eliminating racial discrimination in education within Virginia's borders. That perspective will likely aid the Court while considering Appellant's motion to stay.

## CONCLUSION

For these reasons, the Commonwealth of Virginia respectfully requests that the Court grant leave to file the amicus brief which accompanies this motion, in support of Appellee's Response to Appellant's Motion to Stay Pending Appeal.

Respectfully Submitted,

By: <ins>/s/ Andrew N. Ferguson</ins>
  Andrew N. Ferguson
  *Solicitor General*

JASON S. MIYARES
 *Attorney General*

CHARLES H. SLEMP, III
 *Chief Deputy Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-5315 – Telephone
(804) 371-0200 – Facsimile

March 30, 2022

ERIKA L. MALEY
 *Principal Deputy Solicitor General*

KEVIN M. GALLAGHER
 *Deputy Solicitor General*

ANNIE CHIANG
 *Assistant Solicitor General*

*Counsel for the Commonwealth of Virginia*

<u>**Certificate of Compliance**</u>

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 585 words. This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century typeface.

                                                       */s/ Andrew N. Ferguson*
                                                       Andrew N. Ferguson
                                                       *Solicitor General*

<u>Certificate of Service</u>

I certify that on March 30, 2022, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                        <u>*/s/ Andrew N. Ferguson*</u>
                                               Andrew N. Ferguson
                                               *Solicitor General*